RECEIVED
SDC, WESTERN DISTRICT OF L
TONY R. MOORE, CLERK
1/9/15

a

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### ALEXANDRIA DIVISION

| | |
|---|---|
| LADON KENTRELL KING | DOCKET NO. 14-CV-3428; SEC. P |
| VERSUS | JUDGE DRELL |
| WARDEN | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

*Pro se* Petitioner, LaDon Kentrell King, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 on December 11, 2014. [Doc. #1] Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP); he is incarcerated at the Federal Correctional Institution in Pollock, Louisiana. He challenges the computation of his sentence by the BOP.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Procedural History*

Petitioner's exhibits show that he was arrested in Texas in January 12, 2001, and remanded to the custody of the State of Texas. On February 1, 2001, Petitioner first appeared in the United States District Court for the Western District of Texas, pursuant to a writ of habeas corpus ad prosequendum. [6:00-cr-111; Doc. #3, 4] He stood trial on May 22-23, 2001, and the jury found Petitioner guilty of possession with the intent to distribute crack cocaine. [6:00-cr-111; Doc. #66] He was sentenced to a period of

incarceration of 293 months, and his conviction and sentence was affirmed on appeal. U.S. v. King, 45 Fed.Appx. 320 (5th Cir. 2002), cert. denied, 537 U.S. 1011 (2002). On March 14, 2014, Petitioner filed a Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense 18 U.S.C. §3582, in the sentencing court, which was granted on March 28, 2014. [6:00-cr-111 (MDTX), Doc. #105, 106] His sentence was reduced to 151 months of imprisonment. [6:00-cr-111 (MDTX), Doc. #106]

On April 11, 2002, Petitioner was sentenced by the State of Texas to life imprisonment for possession of a controlled substance. Petitioner received 534 days of prior custody credit toward his state sentence, which commenced on April 11, 2002. Petitioner was released by the State of Texas to the federal authorities on May 1, 2012, and his federal sentence was calculated to commence that date. [Doc.#1-2, p. 22]

Petitioner submitted administrative grievances to the Bureau of Prisons, and his request was considered as a request for *nunc pro tunc* designation. The BOP ultimately determined that Petitioner should not receive nunc pro tunc designation.

### *Law and Analysis*

Petitioner claims that the Texas state court intended for the Texas sentence to begin after the federal sentence was completed. However, any such designation by a state court is non-binding on the BOP. See Leal v. Tombone, 341 F.3d 427, 429 n. 13 (5th Cir.

2003)(per curiam).

The method for computing a federal prisoner's sentence is found at 18 U.S.C. §3585. Section §3585(b) provides that a defendant *is* entitled to credit for time spent in official detention prior to being received in federal custody *if* that prior time has not been credited toward another sentence. §3585(b). Only the Attorney General through the BOP, and not the sentencing court, is authorized to calculate credit for time spent in official detention under §3585. See United States v. Wilson, 503 U.S. 329, 335. Additionally, "well-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively unless the district court specifically orders they run concurrently." Free v. Miles, 333 F.3d 550, 553 (5th Cir.2003) (per curiam).

First, the record indicates, and Petitioner has not presented facts or evidence indicating otherwise, that Petitioner did receive credit against his state sentence for 534 days of prior custody. [Doc. #1-2, p.22]

Second, under the BOP's *nunc pro tunc* designation procedure set forth in BOP Program Statement 5160.05, "[w]here a federal sentence was imposed before a state sentence, the BOP **may** indirectly award credit for time served in state prison by designating *nunc pro tunc* the state prison as the place in which the prisoner serves a portion of his federal sentence." Pierce v.

Holder, 614 F.3d 158, 160 (5th Cir. 2010)(emphasis added); see Hunter v. Tamez, 622 F.3d 427, 429 & n.2 (5th Cir. 2010). The district court has no authority under Program Statement 5160.05 to make a *nunc pro tunc* designation, but it may review a challenge to the BOP's refusal to make such a designation in a §2241 petition. See Pierce, 614 F.3d at 160.

In this case, Petitioner's federal sentence was imposed before the state sentence. The Bureau of Prisons reviewed Petitioner's request for *nunc pro tunc* designation, but found that such designation was not in the interest of justice based on the factors set forth in 18 U.S.C. §3584, particularly the nature and circumstances of the offense, the history and characteristics of the petitioner, and the Court's silence on the issue. [Doc. #1-2, p.22-23]

In summary, the BOP fully considered Petitioner's request for *nunc pro tunc* designation, and provided reasons for denying relief. Petitioner received credit against his state sentence for the relevant time period, so he is not entitled to double credit under §3585(b)[1].

---

[1]The statute provides, in relevant part:

(b) Credit for prior custody — A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
    (1) as a result of the offense for which the sentence was imposed; or
    (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

*Conclusion*

Because Petitioner cannot show that his sentence violates the United States Constitution or federal law, he is not entitled to habeas relief under §2241. For the forgoing reasons, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED** and DISMISSED, with prejudice.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM

---

that has not been credited against another sentence.
18 U.S.C. §3585 (emphasis added).

ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 9th day of January, 2015.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE